UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                        :

JING ZHANG and WOMEN'S RIGHTS    :     12 Civ. 2988 (RRM) (RER)
IN CHINA,                                  :

                Plaintiffs,       :     **JOINT PRETRIAL ORDER**

    -against-                   :

JENZABAR, INC., THE JENZABAR       :     **ECF CASE**
FOUNDATION, INC., ALL GIRLS ALLOWED, :
INC., and LING CHAI,              :

                Defendants.     :

-------------------------------------------------------X
-------------------------------------------------------X
                                          :

ALL GIRLS ALLOWED, INC.,         :

                Counter-claimant,  :

    -against-                   :

JING ZHANG and WOMEN'S RIGHTS    :
IN CHINA,                                  :

                Counterclaim Defendants.  :

-------------------------------------------------------X

      The parties having conferred among themselves and with the Court pursuant to Fed. R.

Civ. P. 15, the following statements, directions, and agreements are adopted as the Joint Pretrial

Order herein.


             I.        **FULL CAPTION OF THE ACTION**

The full caption of the action is set forth above.

II.      **TRIAL COUNSEL**

Plaintiffs/Counterclaim Defendants, Jing Zhang ("Zhang") and Women's Rights in China

("WRIC") are represented by the following counsel:

Daniel L. Alterman, Esq.
Alterman & Boop, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
212-226-2800
Fax: 212-431-3614
Email: d.alterman@altermanboop.com

Kevin Mintzer, Esq.
Law Office of Kevin Mintzer, P.C.
1350 Broadway, Suite 1400
New York, NY 10018
646-843-8180
Fax: 646-478-9768
Email: km@mintzerfirm.com

Defendants, Jenzabar, Inc. ("Jenzabar"), The Jenzabar Foundation, Inc. ("Foundation"),

All Girls Allowed, Inc. ("AGA") and Ling Chai ("Chai"), and Counterclaimant, AGA, are

represented by the following counsel:

Mercedes Colwin, Esq.
Gordon & Rees LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
212-269-5500
Fax: 212-269-5505
Email: mcolwin@gordonrees.com

Diane Krebs, Esq.
Gordon & Rees LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
212-269-5500
Fax: 212-269-5505
Email: dkrebs@gordonrees.com

Francis J. Giambalvo, Esq.
Gordon & Rees LLP
One Battery Park Plaza, 28th Floor

New York, NY 10004
212-269-5500
Fax: 212-269-5505
Email: fgiambalvo@gordonrees.com

### III.   SUBJECT MATTER JURISDICTION

This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, in that the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs, and that the matter in controversy is between citizens of different states.  Plaintiff Zhang is a resident of Queens County and is a citizen of New York State.  Plaintiff WRIC is a not-for profit New York corporation with its principal place of business located in Flushing, New York.  Defendant Jenzabar is a corporation organized under the laws of the State of Delaware and has its principal place of business in Massachusetts.  Defendant Foundation is incorporated in Massachusetts as a non-governmental, not-for-profit, private foundation and has its principal place of business in Massachusetts.   Defendant AGA is a not-for-profit Massachusetts corporation, and its principal place of business is in Massachusetts.  Defendant Chai is a citizen of Massachusetts.

### IV.   CLAIMS AND DEFENSES FOR TRIAL

**Plaintiff's Claims**:

Plaintiffs bring this action against defendants to remedy discrimination on the basis of creed in the terms, conditions and privileges of employment and retaliation in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. ("NYCHRL") Plaintiffs allege defendants unlawfully and intentionally discriminated against Zhang by imposing unlawful religious requirements as a condition of her employment, treating her less well because of her religious beliefs, and terminating her employment because of her religious beliefs in violation of NYCHRL Law § 8–107(1).  Plaintiffs further allege that defendants

unlawfully retaliated against Zhang because she opposed unlawful discriminatory practices in violation of NYCHRL Law § 8-107(7), including terminating her employment, depriving her of severance and notice pay that would have otherwise been offered to her, ceasing financial support to plaintiff Women's Rights in China, making disparaging statements to the press about Zhang, and filing meritless and unjustified counterclaims against Zhang in response to the Complaint in this action.  Finally, plaintiffs allege that defendants unlawfully discriminated against plaintiff WRIC because of Plaintiff Zhang's actual or perceived religious creed in violation of NYCHRL § 8-107(20) and retaliated against Plaintiff WRIC in violation of NYCHRL § 8-107(6).

Defendants do not dispute that they discriminated against Zhang because of her religious creed.  Rather, defendants hope to avoid liability by advancing technical defenses for why they are not legally accountable for their discriminatory and retaliatory treatment. Most significantly, defendants claim that Jenzabar Inc. was not Zhang's employer. However, undisputed documentary evidence – including multiple signed employment agreements, salary payments, tax forms, benefit documents, internal memoranda and emails – conclusively establish that Jenzabar was indeed Zhang's direct employer. Moreover, even if Jenzabar was not Zhang's direct employer, it would still be liable because it acted as a "single employer" with AGA and because it qualifies as Zhang's employer under the "joint employer" doctrine.

AGA cannot escape liability by claiming it was a "religious or denominational institution or organization" within the meaning of NYCHRL § 8-107(12).  After the Court issued its decision on the parties' cross-motions for summary judgment, the New York City Council amended the NYCHRL to provide that "[e]xceptions to and exemptions from the provisions of this title shall be construed narrowly in order to maximize deterrence of discriminatory conduct."

NYCHRL § 8-130(b). Given this requirement of narrow construction for all exemptions in the NYCHRL, AGA cannot possibly qualify as religious organization. AGA's foundational documents do not reflect that AGA was formed for any religious purpose. Moreover, during the relevant period, AGA had no affiliation with a Church or other religious entity. AGA also did not consistently present itself as being formed for a religious purpose or hire only Christian employees. In addition, even if AGA were a religious organization, it would still be liable for various acts of discrimination and retaliation that are not covered by the NYCHRL's limited exemption for religious organizations.

Defendants' claim that they cannot be liable for associational discrimination against WRIC fails for the reasons stated in the Court's summary judgment decision in this matter. Had defendants not fired Zhang because of her religious beliefs, Jenzabar and the Jenzabar Foundation would have continued to work with and financially support WRIC, as they had in the two years prior to Zhang's dismissal. Although not an employer, the Jenzabar Foundation is liable for aiding and abetting discriminatory acts of the other defendants. *See* NYCHRL § 8-107(6). Finally, as the Court noted in its summary judgment decision, defendant Ling Chai may be individually liable as an employer based on her ownership stake in Jenzabar as well her ability hire and fire employees of Jenzabar and AGA.

**<u>Defendants' Defenses</u>**:

AGA is exempt from liability for religious creed discrimination because it is a religious organization pursuant to Section 107(12) of the City Law, which is accordingly permitted to give preference to persons of the same religion or denomination in order to promote the religious principles for which it is established or maintained. AGA, as a religious organization, cannot be liable for religious discrimination for terminating Zhang, even for reasons related to her faith.

While the City Law does not define "religious organization," the Ninth Circuit, in the matter of *Spencer v. World Vision, Inc.*, 633 F.3d 723 (9th Cir. 2011) found that a nonprofit entity qualifies for the [Title VII religious organization exemption] if it establishes that it 1) is organized for a self-identified religious purpose (as evidenced by Articles of Incorporation or similar foundational documents), 2) is engaged in activity consistent with, and in furtherance of, those religious purposes, and 3) holds itself out to the public as religious. That is the test that should be used in this case, and AGA will be able to establish that it satisfies this standard.

Additionally, Zhang cannot sustain discrimination and retaliation claims against Jenzabar because Jenzabar did not employ Zhang. While the term "employer" is not expressly defined by the City Law, courts generally examine four elements when determining whether such an employer/employee relationship exists: "(1) whether the proposed employer had the power of the selection and engagement of the employee; (2) whether the proposed employer made the payment of salary or wages to the employee; (3) whether the proposed employer had the power of dismissal over the employee; and (4) whether the proposed employer had the power to control the employee's conduct." *Goyette v. DCA Advertising*, 830 F. Supp. 737, 746 (S.D.N.Y. 1993); *Lihuan Wang v. Phoenix Satellite TV US, Inc.*, 976 F. Supp. 2d 527, 532 (S.D.N.Y. 2013). Courts consistently have held that the most important factor in this analysis is the fourth— namely, whether the proposed employer had the power to control the employee's conduct. *Id.*; *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 470 (S.D.N.Y. 1996). Using this test, Defendants will be able to demonstrate that Zhang had no employment relationship with Jenzabar.

Furthermore, WRIC cannot sustain a claim for associational discrimination under section 8-107(20) of the City Law because it cannot demonstrate that it suffered an injury because of its

association with a person, Plaintiff, who is subjected to unlawful discriminatory practices.  *See Bartman v. Shenker*, 786 N.Y.S.2d 696, 700 (N.Y. Co. Sup. Ct. 2004). Since AGA is exempt from religious creed discrimination liability under the City Law, WRIC did not suffer an injury because of its association with a Plaintiff that was not subject to unlawful discriminatory practices.  As a result of the exemption, WRIC's associational retaliation claims also fail.  And even if AGA is not a religious exempt entity, the associational discrimination claims still fail because there was no contract or written agreement between Jenzabar, AGA or Foundation and WRIC to provide any sort of funding to WRIC.  Instead, Foundation and/or Jenzabar funded the AGA New York and China operations by transferring funds to WRIC.  WRIC was merely a conduit for funds to be used for purposes of AGA business.  WRIC thus cannot claim it suffered an independent injury because of its relationship with Zhang, when the funding was never intended for WRIC's own, independent use.  Foundation is also not liable pursuant to Section 8-107(6) of the City Law because Plaintiffs cannot establish that Defendants discriminated and retaliated against Plaintiffs in terminating Zhang's employment because AGA is a religious exempt entity and Jenzabar was not Zhang's employer. Since there is no underlying violation of the City Law, Foundation is not an "aider and abettor" under Section 8-107(6) of the City Law.

**AGA's Counterclaims**:

AGA maintains counterclaims against Zhang and WRIC for breach of fiduciary duty, fraud, unjust enrichment and conversion.  When Chai founded AGA, Zhang convinced Chai that she needed an office in New York, and Chai agreed to fund Zhang's lease of an office to carry out AGA's work.  Zhang was to be based in AGA's New York City office, located at 136-31 41st Avenue, 2A, Flushing, New York 11355.  This was to be independent of WRIC, whose office was based in Fresh Meadows, New York.  Zhang indicated to AGA that the rent would be

$3,000/month for a one-year lease.  AGA agreed to, and did, fund the rent for this office through funding by Jenzabar and/or Foundation to WRIC as a conduit.  AGA also offered Zhang the position of AGA's Director of China and Overseas Communities – first on a part-time basis, effective June 10, 2010, and then on a full-time basis on September 7, 2010, with an annual salary of $48,000.

Unfortunately, Zhang embezzled funds entrusted to her for purposes of AGA business, and hid her theft by knowingly submitting to AGA false and misleading expense reports, which expense reports were justifiably relied upon by AGA because of Zhang's position with AGA. For example, many of Zhang's expense reports state that $3,000 – money comprised of donations made to AGA – was paid as rent for AGA's New York City office.  Yet AGA later learned that Zhang was subletting the New York City office to another organization unrelated to AGA, failing to advise AGA of this sublet and pocketing the money for herself.  Other reports Zhang filed with AGA indicate that donations were distributed to recipients in China, but AGA later received complaints from two key field workers in China:  one had not received any money that was discussed several months earlier in January 2012 to help reunite trafficked children, and the other one had only received a partial amount.  As another example, a single mother from China wished to apply for political asylum in the United States.  AGA agreed to help her apply for political asylum at no charge, and asked Zhang to lead the effort.  Unbeknownst to AGA, Zhang charged the woman $1,000 plus $120 for "membership dues," which she deposited into an account controlled by WRIC.  In addition, Zhang used AGA funds to pay for her condominium insurance and to fund her purchase of a Hyundai car for her personal benefit.  Zhang also overstated certain expenses to AGA, including office decorations, accountant payments, and other direct costs.  Moreover, despite her promise to work for AGA full time, Zhang made AGA

subordinate to her own interests and the interests of WRIC.

As Director of Operations of AGA, Zhang owed fiduciary duties to AGA and its donors, which she breached when she embezzled and/or misdirected funds earmarked for AGA purposes to herself, when she knowingly made material omissions and/or misrepresentations of material facts by submitting to AGA phony expense reports, and when she placed her interests and the interests of WRIC above the interests of AGA. By these actions, Zhang and/or WRIC has also been unjustly enriched at the expense of AGA and its donors. It is against equity and good conscience to permit Zhang and/or WRIC to retain those funds. Moreover, this conduct constituted a knowing conversion of AGA's funds, as Zhang and/or WRIC exercised dominion over those funds to the exclusion of AGA's rights.

**Plaintiffs' Defenses to the Counterclaims**:

AGA's counter-claims are meritless and designed only to retaliate against Zhang and WRIC for asserting their rights to be free from discrimination. As an initial matter, AGA – the only counterclaim plaintiff – does not have standing to pursue its retaliatory claims because AGA never paid a dollar to either Zhang or WRIC. Rather, *all* of the money that AGA falsely claims was misappropriated was paid by Jenzabar and the Jenzabar Foundation, neither of which has asserted claims against Zhang or WRIC. Accordingly, AGA lacks standing to assert its claims and cannot establish that it suffered any damages.

AGA's claims are also entirely false. Zhang did not misappropriate funds from anyone or breach any duty. All of the money that Jenzabar and the Jenzabar Foundation granted to WRIC was spent to assist and protect women and children in China, which Zhang had understood was the shared mission of AGA and WRIC. At no time did Zhang falsely represent to defendants how WRIC was spending the money granted to it, nor did defendants at any time

during Zhang's employment fault the expense reports that Zhang submitted or suggest that Zhang had improperly failed to account for WRIC's expenditures. AGA's assertions are, without exception, factually untrue and manufactured after defendants unlawfully fired Zhang to retaliate against her for opposing their discriminatory practices.

## V.    STATEMENT OF DAMAGES

**<u>Plaintiffs' Claims</u>**

Plaintiff Jing Zhang seeks the following damages for her claims of religious creed discrimination and retaliation, in violation of the NYCHRL § 8-107 and § 8-502:

1) Backpay from the date of her termination through trial based on her annual salary of 48,000: 2012 (2/3 year) backpay is 32,000; 2013 backpay is 38,500 (48,000 less 9,500 in mitigation); 2014 backpay is 33,880 (48,000 less 14,120 in mitigation); 2015 backpay is 33,700 (48,000 less 14,630 in mitigation); and 2016 backpay is $38,550 (48,000 less 9,450 in mitigation).  Accordingly, Zhang's total backpay damages through 2016 is $176,630. Zhang also is entitled to backpay through the date of trial in an amount to be determined once a trial date is set.

2) An order of reinstatement to her previous employment with defendants or an award of front pay lieu of reinstatement, in an amount to be determined by the jury.

3) Compensatory damages for emotional distress, mental anguish and humiliation, in an amount to be determined by a jury.

4) Punitive damages pursuant to NYCHRL § 8-502 in an amount to be determined by a jury:

5) If Zhang prevails on one or more of her claims, an award of pre-judgment and post-judgment interest, as well as attorneys' fees and costs in an amount to be determined by the Court.

Plaintiff WRIC seeks the following damages based on its claims of associational discrimination and retaliation, pursuant to NYCHRL § 8-107(20) and § 8-107(6):

1)  Damages to compensate it for the lost funding it would have continued to receive if not for defendants' discriminatory and retaliatory acts.  Based on grants from Jenzabar and the Jenzabar Foundation totaling $180,000 in 2011, which was the last full year prior to Zhang's

unlawful termination and the cessation of funding to WRIC, WRIC would have received an additional $130,000 for the balance of 2012 (180,000 minus 50,000 in grants conveyed by defendants in 2012), as well as at least $180,000 in grants for 2013, 2014, 2015 and 2016. According, WRIC's economic damages through 2016 total $850,000.

2)   Punitive damages pursuant to NYCHRL § 8-502 in an amount to be determined by a jury.

3)       If WRIC prevails on one or more of its claims, an award of pre-judgment and post-judgment interest, as well as attorneys' fees and costs in an amount to be determined by the Court.

**AGA's Counterclaims**:

AGA has been damaged by Plaintiffs in an amount no less than $30,132.75 in compensatory damages and out of pocket losses pursuant to AGA's counterclaims for breach of fiduciary duty, conversion, fraud and unjust enrichment.  Specifically, $30,132.75 of AGA funds were entrusted to Plaintiffs for the purpose of carrying out AGA's operations in New York and China, but were misappropriated by Plaintiffs for other purposes.  The damages incurred by AGA are broken down as follows:

- $16,975.55 in unaccounted funds, which is further broken down into misappropriated funds in the amount of $16,020.84 and unexpended funds in the amount of $954.71, for a total of $16,975.55.  The misappropriated funds are derived from Plaintiffs' use of AGA funds to pay for Zhang's condominium insurance and to fund Zhang's purchase of a Hyundai car for her personal benefit.

- $1,157.20 in overstated expenses claimed by Zhang, including office decorations, accountant payments, and other direct costs.

- Plaintiff Zhang failed to offset rental income she received from a sublet of AGA's New York office space in the amount of $12,000.

AGA is also entitled to punitive damages for Plaintiffs' intentional, wanton and depraved acts of fraud, conversion and breach of her fiduciary duty to AGA in an amount to be determined at trial.  AGA may also be able to recover all compensation paid to Zhang under the "faithless servant" doctrine based on her breach of duty.

## VI.      JURY/NON-JURY

Plaintiffs have demanded a trial by jury and Defendants do not object to this case being tried by a jury.  Plaintiffs' estimated length of trial is five (5) to ten (10) days. For Defendants, the estimated length of trial is ten (10) to fifteen (15) days.

## VII.      CONSENT TO TRIAL BY MAGISTRATE

The parties do not consent to trial of this case by a Magistrate Judge.

## VIII.      STIPULATIONS OF FACT

1.      Jenzabar is a company that provides higher education software management solutions to universities across the United States.

2.      Jenzabar was founded in 1998 by Chai, who currently serves as the company's President and Founder.

3.      Jenzabar has a policy strictly prohibiting discrimination on the basis of, *inter alia*, creed and religion, which is set forth in the company's handbook.

4.      That policy also prohibits retaliation or reprisal against employees who make reports or raise concerns about discrimination.

5.      Jenzabar also has a policy strictly prohibiting discriminatory harassment on the basis of, *inter alia*, religion, which is set forth in the company's handbook.

6.      That policy also prohibits retaliation or reprisal against employees who make a

complaint about discriminatory harassment.

7.    Foundation is a not-for-profit charitable organization founded in 2007.

8.    AGA is a not-for-profit organization that was established by Ling.

9.    WRIC is a not-for-profit organization that was established by Zhang.

10.    Zhang self-identifies as Catholic.

11.    On July 1, 2010, AGA's Articles of Organization were filed with the Commonwealth of Massachusetts.

## IX.    PLAINTIFFS' WITNESS LIST

1) Jing Zhang: Will testify regarding the claims of discrimination and retaliation asserted by herself and WRIC, as well as their damages. Will also testify concerning the claims asserted by AGA against her. Ms. Zhang may be contacted through plaintiffs' counsel.

2) Yan Xu: Will testify regarding the discriminatory actions of defendants, the work he performed for WRIC and defendants, and plaintiffs' damages.  Ms. Xu will also testify concerning the claims asserted by AGA against plaintiffs. Mr. Xu may be contacted through plaintiffs' counsel.

3) Li Qun Chen: Will testify regarding the discriminatory actions of defendants, the work she performed for WRIC and defendants, and plaintiffs' damages.  Ms. Chen will also testify concerning the claims asserted by AGA against plaintiffs. Ms. Chen's last known address is 4158 71st Street, Apartment 5B, Woodside, New York 11377.

4) Ann Noonan:  Will testify regarding the work of Zhang and WRIC, the discriminatory actions of defendants, and plaintiffs' damages. Ms. Noonan may be contacted through plaintiffs' counsel.

5) Sandra Lam:  Will testify regarding the work of Zhang and WRIC as well as plaintiffs' damages. Ms. Lam may be contacted through plaintiffs' counsel.

6) Brian Lee (also known as Adrian Tam):  Will testify regarding the discriminatory and retaliatory actions of defendants. Plaintiffs understand that Mr. Lee may be contacted through counsel for defendants.

7) Chai Ling: Will testify regarding the discriminatory and retaliatory actions of defendants. Plaintiffs understand that Ms. Ling may be contacted through counsel for defendants.

8) Robert Maginn: Will testify regarding the governance of Jenzabar Inc., Jenzabar Foundation and AGA, as well as the relationships between those entities. Plaintiffs understand that Mr. Maginn may be contacted through counsel for defendants.

9) Jamison Barr: Will testify regarding the governance of Jenzabar Inc., Jenzabar Foundation and AGA, the relationships between those entities, and his role in Zhang's termination. Plaintiffs understand that Mr. Barr may be contacted through counsel for defendants.

10) Yan Wang, M.D.:  Will testify regarding the damages of plaintiff Zhang. Dr. Wang's address is 41-60 Main Street, Flushing NY 11355.

11) Tan Chunsheng: Will testify in response to defendants' claims that Zhang misappropriated funds and did not distribute allocated funds for programs in China. Permanent address unknown; phone number is 646-784-9710.

12) Juyuyen Chang: Will testify in response to defendants' claims regarding the lease of 136-31 41st Avenue, Unit 2A, Flushing, New York 11355. Last known address: Solomon International Realty, LLC, 136-31 41st Avenue, 2nd Floor, Flushing, New York 11355.

Plaintiffs reserve the right to call any WRIC worker in China if such persons are in the United States at the time of trial to rebut defendants' claim that Zhang misappropriated funds and did not distribute allocated funds for programs in China.  Plaintiffs also reserve the right: (i) to

call any witness listed on defendants' witness list; (ii) to call any custodian of documents as may be necessary; (iii) not to call anyone on plaintiffs' list; and (iv) to object to the testimony, in whole or in part, to any witness on plaintiffs' and defendants' witness lists.[1]

## X.   DEFENDANTS' WITNESS LIST

Defendants anticipate they will or may call the following individuals as witnesses in their case-in-chief (listed in no particular order):

The witnesses identified as 1-10 are either current employees of Defendants, former management employees of Defendants, and/or current or former members of AGA's Board of Directors or Board of Advisors, and may be contacted through Gordon & Rees, LLP, counsel for the Defendants.

1.   Ling Chai, a/k/a Chai Ling

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Chai is expected to testify regarding the formation of AGA, the relationship between AGA, Jenzabar and Foundation, the religious mission of AGA, Zhang's employment with AGA and Zhang's misappropriation of funds belonging to AGA.

2.   Brian Lee

*Address*: c/o Gordon and Rees, LLP:

*Expected Testimony*:  Lee is expected to testify regarding the relationship between AGA, Jenzabar and Foundation, the religious mission of AGA, Zhang's employment with AGA and misappropriation of funds entrusted to Zhang and WRIC by AGA.

---

[1] Defendants purport to reserve the right to "call rebuttal and/or impeachment witnesses, if necessary, whether or not listed." However, plaintiffs object to that reservation of rights as contrary to the Individual Rules of Judge Roslynn R. Mauskopf.

3.      Tessa Dale

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Dale is expected to testify regarding Zhang's employment with AGA, the religious mission of AGA, and the allegations raised by Zhang that form the basis of this litigation.

4.      Sara Hill

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*: Hill is expected to testify regarding Zhang's employment with AGA, the religious mission of AGA, and the allegations raised by Zhang that form the basis of this litigation.

5.      Valerie Ross

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Ross is expected to testify regarding Zhang's employment with AGA, the religious mission of AGA, and the allegations raised by Zhang that form the basis of this litigation.

6.      Katie Woods

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Woods is expected to testify regarding Zhang's employment with AGA, the religious mission of AGA, and the allegations raised by Zhang that form the basis of this litigation.

7.      Vicky Banks

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Banks is expected to testify regarding Zhang's employment with AGA, the religious mission of AGA, and the allegations raised by Zhang that form the basis of this litigation.

8.   David Aikman

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:   Aikman is expected to testify regarding Zhang's employment with AGA and the nature of AGA's work, including its religious mission.

9.   Charlene Fu

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Ms. Fu is expected to testify regarding Zhang's employment with AGA and the nature of AGA's work, including its religious mission.

10.   Wilfred Job

*Address*: c/o Gordon and Rees, LLP

*Expected Testimony*:  Job is expected to testify regarding Zhang's employment with AGA and the nature of AGA's work, including its religious mission.

Defendants also further identify the following witnesses:

11.   Chi Sun Chang

*Title*: President of Solomon International Realty, LLC

*Address*: 136-31 41st Avenue, 2nd Floor, Flushing, New York 11355.

*Expected Testimony*:  Chang is expected to testify regarding the lease between Zhang and WRIC and Solomon International Realty regarding the property located at 136-31 41st Avenue, Flushing, New York 11355.

12.     Jasper Yang

*Address:* 136-31 41st Avenue, 2nd Floor, Flushing, New York 11355.

*Expected Testimony*:  Yang is expected to testify regarding the finances of WRIC.

13.     Li Qun Chen

*Address*: 41-58 71st Street, Apt. 5B, Woodside, New York 11377

*Expected Testimony*:  Chen is expected to testify regarding the formation of AGA, including its religious mission and Zhang's employment with AGA.

14.     Yan Xu

*Address*: 136-31 41st Street, Flushing, New York 11355

*Expected Testimony*:  Xu is expected to testify regarding Zhang's employment with AGA.

15.     Bob Fu

*Title*: President of ChinaAid

*Address:* P.O. Box 8513, Midland, TX 79708

*Expected Testimony*:  Mr. Fu is expected to testify regarding the formation of AGA, including its religious mission.

16.     Mark Levine

*Title*: Investigator with Roman and Associates, Inc.

*Address*: 300 Merrick Road, Suite 400, Lynbrook, New York 11563

*Expected Testimony*:  Levine is expected to testify regarding the investigation conducted by Roman & Associates into the field workers retained by Zhang to conduct AGA's operations in China.

Defendants also further identify the following expert witness pursuant to Rules 702, 703 and/or 705 of the Federal Rules of Evidence:

17.   Sam Rosenfarb

*Title*: CPA, ABV, CFE, CVA, CBA, Rosenfarb LLC

*Address*: 825 Third Avenue, New York, New York 10022

*Telephone Number*: (855) 415-1100.

*Expected Testimony*:  Rosenfarb is expected to testify regarding his analysis of the financial records of Plaintiffs Jing Zhang and Women's Rights in China.  Specifically, he will provide testimony regarding Zhang's alleged misappropriation of the funds provided to her for the operation of AGA's New York City office.  Rosenfarb is qualified to testify as an expert in that he has over 40 years of experience in the field of forensic accounting, and has provided forensic analysis and expert testimony in numerous matters during the course of his career.  Rosenfarb is a Certified Public Accountant licensed in New York and New Jersey, Certified Fraud Examiner, Certified Fraud Examiner, Certified Valuation Analyst, Certified Business Appraiser, and is Accredited in Business Valuation.

Defendant reserves the right to:  (1) not call any persons on this list; (2) call any persons on Plaintiff's witness list (without waiver of any objection to certain witnesses for any purpose); (3) call witnesses discovered as a result of documents produced subsequent to the date of this Pretrial Order; (4) call custodians of documents as may be necessary; (5) call rebuttal and/or impeachment witnesses, if necessary, whether or not listed here; (6) introduce testimony by way of deposition transcript in the event that a witness is unavailable; and (7) assert objections to all or part of any witness's testimony at trial, including those on Defendant's witness list.

XI.     **DESIGNATION OF DEPOSITION TESTIMONY**

**Plaintiffs' Designation:**

Brian Lee Video Deposition

| *Deposition Excerpt* | *Counter-Designation* | *Objections* |
|---|---|---|
| 7:23-8:8 | | |
| 15:25-16:7 | add 16:17-17:10 | |
| 20:20-20:24 | 20:20-21:7 | |
| 25:14-25:18 | | |
| 36:10-37:25 | | |
| 39:2-39:22 | 38:13-39:22 | |
| 40:7-40:16; | | |
| 41:5-41:18 | | |
| 43:20-45:18 | 43:20-45:24 | |
| 46:7-47:7 | 46:7-47:22 | |
| 47:23-48:18 | | |
| 49:3-49:5 | | |
| 50:12-51:14 | | |
| 53:23-54:24 | | |
| 56:8-58:17 | | |
| 70:13-71:8 | | |
| 84:3-84:14 | 84:3-84:18 | |
| 86:9-87:6 | | |
| 88:11-89:17 | | |
| 93:17:95:9 | | |
| 95:22-96:3 | | |
| 96:25-97:25 | | |
| 109:4-109:10 | add first 107:9-108:18 | |
| 149:7-149:13 | | |
| 150:14-150:25 | | |
| 153:10-154:9 | | |
| 165:5-166:2 | 165:5-167:2 | |
| 169:25-170:18 | 169:25-171:9 | |
| 172:18-173:10, | | |
| 173:21-174:23 | | |
| 175:13-175:15 | | |
| 175:24-176:15 | | |
| 181:2-181:7 | | |
| 181:15-184:8 | | |
| 184:16-185:9 | 184:16-185:12 | |
| 190:18-193:19 | | |
| 194:17-195:16 | | |
| 195:25-196:6 | 195:19-196:6 | |

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 198:23-199:5 | | |
| 199:12-202:19 | | |
| 208:5-208:17 | | |
| 210:2-212:7 | | |
| 214:8-215:2 | | |
| 269:17-269:20 | | |
| 282:8-282:15 | | |
| 285:18-286:10 | | |
| 305:5-307:12 | | |
| 307:22-309:13 | | |
| 311:15-311:21 | | |
| 312:8-312:14 | 312:8-312:21 | |
| 314:20-314:25 | | |
| 315:2-315:8 | 315:2-315:20 | |
| 316:3-316:11 | | |
| 322:23-323:10 | | |
| 323:22-324:6 | | |

Ling Chai Video Deposition

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 8:3-8:11 | | Relevance |
| 9:2-10:1 | | |
| 26:1-28:15 | | |
| 29:8-30:10 (beginning with "under") | | |
| 40:20-41:23 | | |
| 42:5-43:5 | | |
| 43:18-45:16 | | Relevance |
| 46:24-48:24 | | Relevance |
| 49:7-49:11 | | |
| 50:16-50:21 | | Legal conclusion |
| 51:3-51:4 | | Legal conclusion |
| 51:13-53:10 | | |
| 56:6-57:1 | | |
| 57:20-58:1 | | |
| 58:16-59:18 | | |
| 60:11-60:24 | | |
| 61:22-63:13 | | |
| 66:10-70:8 | | |
| 87:15-92:11 | | |
| 93:1-94:4 | | |
| 94:21-96:2 | | |
| 98:11-99:4 | | |

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 99:15-100:20 | | |
| 102:1-102:17 | | Relevance; mostly colloquy; duplicative of last cite |
| 102:22-103:7 | | |
| 103:17-106:3 | | Mostly colloquy; more prejudicial than probative? |
| 108:11-109:2 | | |
| 109:23-111:9 | | |
| 115:22-116:13 | | |
| 117:5-119:4 | | |
| 124:1-124:19 | | |
| 128:2-129:18 | | |
| 132:24-134:11 | | |
| 154:9-155:11 | | |
| 156:13-158:8 | | |
| 160:24-162:14 | | |
| 163:3-163:21 | | |
| 164:4-165:5 | | |
| 165:11-172:4 | 316:14-317:1 | |
| 176:12-176:16 | | |
| 190:3-191:8 | | |
| 191:12-193:9 | | |
| 194:23-196:8 | | |
| 196:11-198:19 | | |
| 197:14-197:17 | | |
| 202:9-202:17 | | |
| 203:17-21 | | |
| 204:16-205:7 | | |
| 223:17-224:18 | | |
| 226:6-228:4 | | |
| 229:10-229:14 | | |
| 249:18-249:20 | | |
| 250:17-250:18 | | |
| 251:16-252:14 | 251:16-253:3 | |
| 254:12-257:4 | | |
| 257:9-258:2 | | |
| 258:15-261:21 | | |
| 262:1-264:8 | 262:1-264:9 | |
| 265:5-265:10 | 265:5-266:3 | |
| 269:18-271:24 | add before 269:1-9 | |
| 274:24-278:5 | | |
| 278:19-279:6 | | |
| 283:23-284:13 | | |
| 306:20-312:6 | 306:20-312:3 | |

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 312:15-313:12 | | |

Li Qun Chen Deposition (If witness unavailable to testify at trial)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 10:23-13:12 | | Relevance – 10:23-12:7 |
| 13:24-14:24 | | |
| 15:22-16:17 | | Hearsay |
| 18:2-20:5 | | Hearsay |
| 26:18-28:15 | | |
| 29:12-36:17 | | |
| 36:18-39:18 | | Hearsay – 37:19-38:18 |
| 40:13-42:21 | | |
| |43:10-45:10 | | |
| 51:22-53:12 | 51:22-53:15 | |
| 54:16-57:22 | | Hearsay – 56:14-57:3 |
| 58:10-59:21 | | Hearsay |
| 60:11-61:2 | | Relevance; personal opinion |
| 64:13-64:18 | | |
| 66:6-67:16 | | |
| 69:15-71:25 | | Hearsay – 70:12-25, 71:21-25 |
| 73:11-75:13 | | Hearsay – 74:14-75:13 |
| 77:11-78:11 | | Hearsay |
| 87:8-88:23 | | No personal knowledge – 88:18-23 |
| 94:21-96:15 | | |

Yan Xu Deposition (If witness unavailable to testify at trial)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 5:6-5:7 | | |
| 11:8-11:18 | | Relevance |
| 12:12-13:4 | | Relevance |
| 15:6-15:23 | 15:6-15:20 | |
| 16:5-26:24 | | Opinion testimony – 23:11-24:8, 26:9-24 |
| 27:15-28:20 | | |
| 30:6-32:18 | | |
| 34:3-40:13 | | |
| 49:11-53:14 | | |
| 63:15-64:10 | 63:15-64:21 | |
| 65:19-68:24 | | |

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 69:5-77:18 | | Hearsay – 75:10-76:16 |
| 80:5-83:9 | | Hearsay – 80:5-81:7 |
| 93:19-94:18 | | |
| 104:24-107:5 | | Hearsay and/or no personal knowledge – 104:24-105:9, 106:9-107:5 |
| 120:24-122:4 | | |
| 127:20-127:25 | [only if objection not sustained] 127:20-128:8 | Hearsay, no personal knowledge |

**Defendants' Designation:**

Defendants' proposed designation of deposition testimony is as follows:

      1.     Deposition of Jasper Yang (June 21, 2013)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 17:23-18:3 | | 402, 403, 802 |
| 45:4-10 | | 402, 403, 802 |
| 90:5-91:16 | | 402, 403, 802 |

      2.     Deposition of Li Qun Chen (July 10, 2013)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 47:10-49:19 | | 402, 403, 602, 611(c), 802, questions are unclear and confusing |
| 49:22-24 | 93:9-94:20 | 402, 403, 802, Answer without question |
| 58:10-18 | 56:14-57:22 | 802 |
| 60:11-20 (through "… all the time.") | 60:20-61:2 | 602, 802, Incomplete Answer |
| 94:21-95:24 | | 802 |
| 101:2-10 | | 802, excerpt has answer with no question, question (99:13-14) is confusing and assumes facts not in evidence, 611(c) |

3.      Deposition of Chishun Chang (September 25, 2013)

| *Deposition Excerpt* | *Counter-Designation* | *Objections* |
|---|---|---|
| 7:9-25 | | 402, 403 |
| 12:7-13:16 | | 402, 403 |
| 14:11-15:14 | | 402, 403, 611(c), question is confusing |
| 16:12-21 | 26:18-27:10 | 402, 403, 611(c), question assumes facts not in evidence |
| 17:3-15 | | 402, 403, 611(c), question assumes facts not in evidence |
| 18:19-19:18 (beginning with "Have you …") | 24:22-26:9; 26:18-27:10; 28:2-8 (with Deposition Exhibits D&E) | 402, 403, 611(c), question assumes facts not in evidence, excerpt begins with incomplete question |
| 30:5-18 | | 402, 403, 611(c), question assumes facts not in evidence |

4.      Deposition of Yan Xu (July 8, 2013)

| *Deposition Excerpt* | *Counter-Designation* | *Objections* |
|---|---|---|
| 15:13-20 | | |
| 17:13-18:3 | 16:5-17:8 | |
| 23:11-24:6 | 20:4-23:10 | |
| 31:18-32:18 | | |
| 34:4-25 (beginning with "What was your …") | 35:2-35:9 | |
| 66:23-67:20 | 66:15-66:22, 67:21-68:4 | |
| 68:5-24 | | |
| 72:8-73:7 | 70:23:72:7 | |
| 76:14-77:18 | 75:8-76:12 | Excerpt begins in mid-answer without question |
| 78:6-12 | | 402, 403, 611(c), question is confusing and calls for speculation |
| 82:24-83:5 | 81:17-82:23 | |
| 85:3-88:15 | | |

5.      Deposition of Jing Zhang (May 31, 2013)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 51:12-16 | | 402, 403, 701, form of question is confusing |
| 116:3-9 | | 403, assumes facts not in evidence, form of the question is confusing |
| 117:5-9 (beginning with "All the money …") | | 403, assumes facts not in evidence, form of the question is unintelligible; excerpt begins in middle of a question |
| 125:18-127:14 | | Question at 126:16-126:18 is confusing and assumes facts not in evidence |
| 136:22-25 | | |
| 154:5-8 | 154:9-155:14 | 403, form of question is confusing |

6.      Deposition of Jing Zhang (June 28, 2013)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 188:9-10, 13-14 | | 402, 403, form of question is misleading and confusing |
| 190:13-20 | 189:12-190:12 | 402, 403, 602, form of question is misleading and confusing |
| 195:3-5, 15-20 | | 402, 403, 602, form of question is unintelligible |
| 198:13-199:8 | | 402, 403, Excerpt begins with no question, form of question posed was unintelligible |
| 201:16-202:13 | 199:14-201:15 | 402, 403, Excerpt begins in middle of answer with no question, question as posed was argumentative and unintelligible |
| 225:10-226:15 | | |
| 230:12-233:2 | | 402, 403, lack of foundation; excerpt refers to document that is not in evidence |

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 237:4-238:2 | | 402, 403, form of question was unintelligible and compound; asked and answered |
| 240:20-242:2 | | 402, 403 |
| 243:25-244:7 | | 402, 403, lack of foundation, argumentative, excerpt refers to document that is not in evidence |
| 249:18-250:19 | | |
| 253:7-16 | | |
| 292:7-293:13 | | |
| 297:12-25 | | |
| 307:11-17 | 306:22-307:10 | |
| 315:11-18 (ending with "… contract.") | 315:19-315:22 | Excerpt contains incomplete answer |
| 316:8-12 | | |
| 326:8-9, 14-17 | 326:18-327:3 | Form of question is confusing and calls for legal conclusion |
| 327:4-9 | | Form of question is confusing |
| 330:13-17 | | |
| 384:8-23 | | Form of question is confusing |
| 385:5-14 | | Form of question is unintelligible |

7.    Deposition of Jing Zhang (September 23, 2013)

| Deposition Excerpt | Counter-Designation | Objections |
|---|---|---|
| 51:2-3, 8-14 | | 402, 403 |
| 57:9-16 | | 402, 403, Excerpt ends with question and no answer |
| 58:7-10 | | Excerpt has answer with no question; form of question on 57:14-57:16 is confusing and compound |
| 60:8-11 | | 402, 403 |

In addition to the specific objections noted above, plaintiffs object to any use of the following depositions by defendants, other than for impeachment, unless defendants demonstrate the witnesses are unavailable for trial within the meaning of Fed. R. Civ. P. 32(a)(4):  Jasper Yang, Li Qun Chen, Chishun Chang and Yan Xu.

## XII.   **PLAINTIFFS' EXHIBITS**

Plaintiffs' proposed list of exhibits, including defendants' objections, is attached hereto as Exhibit A.

## XIII.   **DEFENDANTS' EXHIBITS**

Defendants' proposed list of exhibits, including plaintiffs' objections, is attached hereto as Exhibit B.

## XIV.   **STIPULATIONS AND RESERVATIONS OF RIGHTS**

The parties note that the descriptions of the exhibits in sections XII and XIII are for identification purposes only and are not being used as a limitation of for what purpose any document will be proffered at trial.  Responses and objections reflect only the document being identified and not the description of that document provided by the party and should not be interpreted as accepting the description as accurate or complete.  The parties' respective schedules of exhibits are listed without waiving the right to assert objections to such exhibits at trial, or to withdraw exhibits from the exhibit list.  The parties' exhibit lists do not include any demonstrative exhibits or compilations of data that may be useful, and the parties reserve the right to use demonstrative or illustrative exhibits for purposes of trial.

The parties acknowledge and agree that neither party is bound and required to use every exhibit identified in their respective lists.  The parties also acknowledge and agree that either party may supplement its exhibit list for good cause shown.  In furtherance of that agreement,

and provided the stated conditions are met, the parties reserve the right, consistent with the Federal Rules of Civil Procedure, Local Civil Rules for the Eastern District of New York and/or the Individual Practices of Judge Roslynn R. Mauskopf, to: (i) introduce at trial charts, summaries, enlargement, translations, transcripts or excerpts of the foregoing or enlargement of any charts or summaries; (ii) use as an exhibit for any purpose and as if listed by that party any admissible documents listed and/or introduced by the other party; and (iii) amend and/or supplement the pre-trial order for good cause shown.

In addition to the above, defendants reserve the right to: (i) use any document at the trial that has been exchanged by the parties, including, but not limited to, the pleadings, the exhibits to the pleadings, discovery responses, documents produced pursuant to subpoena, transcripts, as well as any documents that come into the parties' possession after this date; (ii) supplement this list based upon documents and information yet to be produced by the parties or third-parties, including in response to orders of production or subpoenas and with documents received from non-party witnesses via trial subpoenas; (iii) present additional documents not identified herein for the purposes of cross-examination, impeachment or rebuttal (for which prior notice is not required).  Plaintiffs object to these reservations of rights on the grounds they are inconsistent with the Federal Rules of Civil Procedure and/or the Individual Practices of Judge Roslynn R. Mauskopf.

Dated:       New York, New York
             January 23, 2017

                              Respectfully submitted,

                              Kevin Mintzer
                              LAW OFFICE OF KEVIN MINTZER, P.C.
                              1350 Broadway – Suite 1400
                              New York, New York 10018
                              646-843-8180

Daniel L. Alterman
ALTERMAN & BOOP, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
212-226-2800

Attorneys for Plaintiffs/Counterclaim-Defendants


By:_____

Mercedes Colwin
Diane Krebs
Francis J. Giambalvo
GORDON & REES LLP
One Battery Park Plaza, 28th Floor
New York, NY 10004
212-269-5500

Attorneys for Defendants/Counterclaim-Plaintiff


By:____/s/ Mercedes Colwin_____



SO ORDERED:


_____
ROSLYNN R. MAUSKOPF
United States District Judge

1080053/31250432v.1